**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BELINDA ROBERTSON,

Plaintiff,

v. No. 2:26-cv-02914-SMD-DLM

MAGGIE TOULOUSE OLIVER,

Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This case arises from *pro se* Plaintiff's attempt to be placed on the New Mexico ballot as a candidate for Governor of the State of New Mexico. *See* Complaint Pursuant to 42 U.S.C. § 1983 at 3, 7-8, Doc. 1, filed September 3, 2026 ("Complaint"). Plaintiff alleged that Defendant Secretary of State for the State of New Mexico Maggie Toulouse Oliver interfered with Plaintiff's attempt to be placed on the ballot. *See* Complaint at 3-4, 7-11. Plaintiff asserted claims: (i) for violations of civil rights and conspiracy pursuant to 42 U.S.C. § 1983; (ii) pursuant to 18 U.S.C. § 371, Conspiracy to commit offense or to defraud United States; (iii) for discrimination based on sex, age, accent, national origin, ancestry, serious medical condition, sexual orientation, gender identity and spousal affiliation; and (iv) pursuant to state law. *See* Complaint at 7-15.

United States Magistrate Judge Damian L. Martinez notified Plaintiff of the following deficiencies in the Complaint:

(i) The Complaint fails to state a due process claim pursuant to 42 U.S.C. § 1983 because there are no allegations in the Complaint showing that Plaintiff has a property interest in being placed on the New Mexico ballot and does not explain

the process for getting on the ballot or how Defendant's actions did not comply with state process for getting on the ballot.

(ii) The Complaint fails to state an equal protection claim pursuant to 42 U.S.C. § 1983 because Plaintiff has not clearly explained how Defendant applied the rules for placement on the ballot to Plaintiff's application differently from other prospective candidates' applications.

(iii) The Complaint fails to state federal law claims for discrimination based on sex, age, accent, national origin, ancestry, serious medical condition, sexual orientation, gender identity and spousal affiliation because Plaintiff does not identify statutory or constitutional provisions under which her discrimination claims arise.

(iv) The Complaint fails to state a claim pursuant to 18 U.S.C. § 371, Conspiracy to commit offense or to defraud United States, because Section 371 is a criminal statute; criminal statutes do not provide for private civil causes of action.

(v) The Complaint does not contain a clear demand of the relief Plaintiff seeks as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure.

(vi) The Complaint does not comply with Rule 10 of the Federal Rules of Civil Procedure which requires that "[a] party must state its claims or defenses in numbered paragraphs." Fed. R. Civ. P. 10(b). Rule 8(b)(1)(B) of the Federal Rules of Civil Procedure requires that Defendant must admit or deny each allegation asserted by Plaintiff. Numbered allegations allow Defendant to identify for the Court which allegations she admits and which she denies.

*See* Order to Show Cause, Doc. 5, filed September 9, 2026. Judge Martinez ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See*

Order to Show Cause at 3, 6 (notifying Plaintiff that "[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated" and the amended complaint must comply with the Federal and Local Rules of Civil Procedure) (*Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007)).

Plaintiff filed a response to the Order to Show Cause and an Amended Complaint combined in one document some of which is difficult to understand. *See* Amedment Complain Show Cause [sic], Doc. 6, filed September 21 2026 ("Amended Complaint"). The Amended Complaint asserts claims: (i) for civil rights violations pursuant to 42 U.S.C. § 1983; (ii) pursuant to criminal statutes; and (iii) pursuant to state law. *See* Amended Complaint at 1-3, 6,10-11. Although not named in the title of the Amended Complaint, it appears, as discussed below, that Plaintiff may also be asserting claims against state-court Judge Arrieta. The Court dismisses this case for the following reasons.

Plaintiff asserts the Court has jurisdiction pursuant to 28 U.S.C. § 1257(a) and 28 U.S.C. § 1651(a). *See* Amended Complaint at 2. Section 1257(a) provides: "Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the [United States] Supreme Court . . ." 28 U.S.C. § 1257(a). Section 1257(a) does not authorize this Court to review state-court decisions.

Plaintiff seeks to enjoin the state court pursuant to the All Writs Act and the Anti-Injunction Act. *See* Amended Complaint at 4-5. The All Writs Act authorizes United States Courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

> The Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings. 28 U.S.C. § 2283. But three exceptions exist:
>
> 1. Congress "expressly authorized" an injunction.
>
> 2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."
>
> 3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court.
>
> The Anti–Injunction Act's exceptions are narrow and are not to be loosely construed. *Smith v. Bayer Corp.,* 564 U.S. 299, 131 S.Ct. 2368, 2375, 180 L.Ed.2d 341 (2011). As a result, courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue. *Id.,* 131 S.Ct. at 2382.

*Tooele County v. United States*, 820 F.3d 1183, 1187-88 (10th Cir. 2016).

> [*Mitchum v. Foster*, 407 U.S. 225 (1972)] held that § 1983 is an Act of Congress that falls within § 2283's "expressly authorized" exception." *Id.* at 243. But even if the Anti-Injunction Act does not bar Mr. Hollers's claims for injunctive relief, § 1983 does—it expressly disallows injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." § 1983; *see also Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Although we have previously said that a plaintiff may obtain an injunction against a state judge under ... § 1983, those statements were abrogated by the Federal Courts Improvement Act of 1996, which provides that 'injunctive relief against a judicial officer shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.' " (alterations and citations omitted) (quoting § 1983)).

*Hollers v. Baker*, 2026 WL 2606935, *6 (10th Cir.). Plaintiff makes the conclusory allegation that an injunction is necessary in aid of this Court's jurisdiction. *See* Amended Complaint at 4, 14. Plaintiff has not, however, alleged facts supporting her assertion that an injunction is necessary in aid of this Court's jurisdiction. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Plaintiff also has not alleged that Defendants violated a declaratory judgment or that declaratory relief was unavailable. *See also Stafford v. Superior Court of Cal., In and For Los*

*Angeles County*, 272 F.2d 407, (9th Cir. 1959) (the All Writs Act, 28 U.S.C. § 1651(a), did not operate to confer jurisdiction of action against state court and sheriff based on theory that prior state court judgments were erroneous since this section may be invoked by district court only in aid of jurisdiction which it already has).

Plaintiff seeks to remove the state-court case to this Court on the grounds that her constitutional rights were violated when the state court dismissed the case and because Defendants were not acting in their "functional capacities." Amended Complaint at 6-7 (stating this Court "needs to review" the state-court case). Plaintiff seeks removal pursuant to 28 U.S.C. §§ 1441(a) and 1442(a). Section 1441(a) allows a *defendant* to remove "any civil action brought in a State court of which the districts courts of the United States have original jurisdiction." 28 U.S.C. §§ 1441(a); *Robinson v. New Mexico*, Order and Judgment at 2, No. 18-2179 (10th Cir. June 28, 2019) ("[P]laintiffs are not entitled to remove cases to federal court") (citing *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993)); 28 U.S.C. §§ 1446 (setting the forth the procedure for removal of civil actions including requirements regarding deadlines for when a civil action may be removed). The Amended Complaint does not identify the state-court action, does not indicate whether Plaintiff is a defendant in the state-court action, and does not address the requirements for removal including timeliness and whether this Court has original jurisdiction over the state-court action.

Plaintiff asserts the following claims pursuant to federal civil law against Defendant Oliver: (i) due process; (ii) equal protection claims; (iii) sex discrimination; (iv) age discrimination; (v) 42 U.S.C. § 1981(a); (vi) speedy trial; and (vii) right to vote. *See* Amended Complaint at 2-3, 8-10. The Amended Complaint fails to state plausible claims pursuant to federal civil law because there are no factual allegations: (i) describing the process due to Plaintiff and the process afforded

during her attempt to be placed on the New Mexico ballot; (ii) showing Defendant Oliver intentionally treated Plaintiff differently from others similarly situated and that there is no rational basis for the difference in treatment; (iii) showing that Defendant Oliver's alleged discriminatory treatment of Plaintiff was based upon Plaintiff's gender or age and identifying the federal statutory provisions under which Plaintiff is bringing her sex and age discrimination claims; (iv) regarding Plaintiff's Section 1981 claim showing that Defendant Oliver's alleged discriminatory treatment of Plaintiff was based upon Plaintiff's race or color; (v) showing that Defendant Oliver deprived Plaintiff of her right to a speedy trial; and (vi) showing that Defendant Oliver deprived Plaintiff of her right to vote. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("A plausible claim includes facts from which we may reasonably infer Defendant's liability;" "Allegations that are merely consistent with a defendant's liability" are not sufficient; a plaintiff must "allege facts from which we may reasonably infer Defendant's liability" and which "nudge the claim across the line from conceivable or speculative to plausible").

It also appears Plaintiff may be asserting a due process claim against state-court Judge Arrieta. *See* Amended Complaint at 3 ("Defendant Arrieta lack[ed] jurisdiction"); at 6 (stating Plaintiff's constitutional rights were violated by the "dismissal [of] the case in State Court" and because "Defendant Not in His Functional Capacities")); at 7 ("The State Court Officer Not in his Functional Capacities in Lack of Due Process Rights after During the Hearing"). The Amended Complaint does not name Judge Arrieta as a defendant in the title of the Amended Complaint. *See* Amended Complaint at 3-6; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If Plaintiff is asserting civil rights claims against Judge Arrieta, the Amended Complaint fails to state a claim against Judge Arrieta. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken

in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). There are no factual allegations supporting Plaintiff's conclusory allegation that Judge Arrieta was acting without jurisdiction.

The Amended Complaint asserts claims pursuant to pursuant to 18 U.S.C. § 201, Bribery of public officials and witnesses, 18 U.S.C. § 371, Conspiracy to commit offense or to defraud United States, and 18 U.S.C. § 1621(1), Perjury generally. *See* Amended Complaint at 11. Sections 201, 371 and 1621(1) are criminal statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx.414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

It appears Plaintiff may be asserting claims pursuant to state law. *See* Amended Complaint at 1 (stating Plaintiff brings claims pursuant to "Laws of The State of New Mexico" and referring to the New Mexico Civil Rights Act); at 2-3 (referring to violation of her rights "Against the Law of The State Of New Mexico," "The New Mexico Constitution," "violation of Law of the Constitution of the State Of New Mexico" and "Interference in the New Mexico Rules for Candidates"); at 6 (referring to "State Court Negligence"). Because the Court is dismissing Plaintiff's federal law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick,*

*Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

Finally, Judge Martinez notified Plaintiff that: (i) the original Complaint did not contain a clear demand of the relief Plaintiff seeks as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure; (ii) the original Complaint did not number the factual allegations as required by Rule 10(b) of the Federal Rules of Civil Procedure; and (iii) the amended complaint must comply with the Federal Rules of Civil Procedure. *See* Order to Show Cause at 5-6. Other than vague requests that the Court enjoin the state-court case, which apparently has been dismissed, and that the Court review the state-court case, the Amended Complaint does not contain a demand for the relief sought. Furthermore, many of the allegations are not numbered. *See* Amended Complaint at 4-9, 12-14; *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**UNITED STATES DISTRICT JUDGE**